THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICE F. SCOTT,<br><br>  Plaintiff,<br><br>v.<br><br>CONTINENTAL AIRLINES,<br><br>  Defendant. | Civil Action No.: 2:11-cv-6954-CCC-JAD<br><br>REPORT AND RECOMMENDATION |

<u>JOSEPH A. DICKSON, U.S.M.J.</u>

This matter comes before the Court upon an unopposed motion (the "Motion") by defendant Continental Airlines ("Defendant") seeking dismissal of *pro se* plaintiff Patrice F. Scott's ("Plaintiff") Complaint for lack of prosecution. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. After having considered the parties' submissions, and for good cause shown; and

**WHEREAS** Plaintiff filed the Complaint on November 28, 2011 (ECF No. 1); and

**WHEREAS** the Court scheduled a telephone status conference for October 3, 2012 (the October 3rd Telephone Conference") (Text Order, July 12, 2012); and

**WHEREAS** Plaintiff did not contact the Court to participate in the October 3rd Telephone Conference, and defense counsel was unable to reach Plaintiff at the telephone number Plaintiff had provided (Avery Decl. ¶ 15, ECF No. 25-2); and

**WHEREAS** the Court scheduled another telephone status conference for January 10, 2013 (the January 10th Telephone Conference) (Text Order, November 26, 2013). Again, Plaintiff did not contact the Court to participate in the January 10th Telephone Conference, and defense counsel was unable to reach Plaintiff at the telephone number she had provided (Avery Decl. ¶ 18, ECF No. 25-2); and

**WHEREAS** on January 10, 2013, the Court extended the fact discovery end date and ordered that Plaintiff's deposition be conducted at the courthouse (Text Order, ECF No. 20). The Court further ordered that Defendant was to advise the Court once a date for the deposition had been set (Id.); and

**WHEREAS** Defendant repeatedly sought to set a date for Plaintiff's deposition; however, Plaintiff failed to provide Defendant, and this Court, with a deposition date (Avery Decl. ¶¶ 20--4, ECF No. 25-2); and

**WHEREAS** the Court extended the fact discovery end date on three occasions (Text Order, October 16, 2012; Text Order, January 10, 2013; Text Order, February 4, 2013), yet Plaintiff's deposition still has not taken place; and

**WHEREAS** on March 14, 2013, Defense counsel requested permission to file a motion to dismiss for failure to prosecute. The Court granted Defendant's request on March 18, 2013 (Text Order, ECF No. 24); and

**WHEREAS** Defendant filed its Motion on April 23, 2013; and

**WHEREAS** Plaintiff did not oppose the Motion; and

**WHEREAS** L.Civ.R. 41.1(a) authorizes this Court, on its own initiative, to dismiss an action that has been pending in the Court for more than 120 days without any proceedings having been taken for a lack of prosecution. See L.Civ.R. 41.1(a); and

**WHEREAS** Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it;" and

**WHEREAS** a District Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984); and

**WHEREAS** the Court finds that Plaintiff, by failing to (a) confer to schedule her deposition in accordance with the Court's directive; (b) prosecute the action for more than 120 days; and (c) appear for Court ordered conferences, has (1) demonstrated personal responsibility for the delay; (2) been consistently dilatory; (3) prejudiced defendant Continental Airlines; (4) has shown willful conduct with respect to its failure to participate in discovery, and

**WHEREAS** the Court concludes that a sanction other than dismissal will engender more delay and be ineffective;

IT IS on this 20th day of May, 2013,

**RECOMMENDED** that this matter be dismissed pursuant to L.Civ.R. 41.1(a) and Fed. R. Civ. P. 41(b).

**SO ORDERED**

_____
JOSEPH A. DICKSON, U.S.M.J.

cc: Honorable Claire C. Cecchi, U.S.D.J.